NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3159 |
| Plaintiff - Appellee, | D.C. No. 4:23-cr-00021-RRB-1 |
| v. | |
| DAVID ALEXANDER MALYK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 11, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

David Malyk ("Defendant") appeals his conviction for possession of a

firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Defendant challenges the

district court's denial of his motion to suppress evidence. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of a motion to suppress evidence de novo and the district court's factual findings for clear error. *United States v. Payne*, 99 F.4th 495, 501–02 (9th Cir. 2024) (citing *United States v. Sullivan*, 797 F.3d 623, 632–33 (9th Cir. 2015)).

First, Defendant argues that the probation officers who searched Unit 3A of the apartment complex at 1626 27th Avenue in Fairbanks, Alaska did so unlawfully because they lacked probable cause to believe that he lived in the residence. Although, as a probationer, Defendant was subject to warrantless searches of his residence, it remained the case that "law enforcement officers [needed] probable cause to believe that [he was] a resident of the house to be searched." *United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013) (internal citation and quotation marks omitted).[1] Still, considering the "totality of the circumstances," an "officer of reasonable caution would [have] believe[d]" that Defendant lived at the address in question when the probation officer ordered the search. *Id.* at 975, 977 (internal citations and quotation marks omitted). Thus, the search was lawful.

---

[1] While *Grandberry* regards a parolee as opposed to a probationer, that distinction is irrelevant in this context. *United States v. Franklin*, 603 F.3d 652, 656 (9th Cir. 2010) ("Because the Fourth Amendment gives parolees the benefit of probable cause in [the] context [of an officer's determination of the parolee's residence], it must extend that same protection to probationers.").

Two months before the search at issue, while conducting a warrantless probation search of the residence of Defendant's girlfriend at Unit 2A of the 27th Avenue 12-unit apartment complex, officers saw a man they believed to be Defendant walking down from Unit 3A to Unit 2A. They later searched Unit 2A and found evidence indicating that Defendant had, in violation of his probation conditions, been living there, including Defendant's Department of Corrections wristband with his photo, outgoing mail with his name on it, a message on a whiteboard about a Ford Fusion (a car registered to Defendant, which was parked outside) needing an oil change, and a distinct-looking cat. Officers also learned on that day that Defendant's brother was in the process of purchasing the apartment complex and that members of Defendant's family had access to all of the apartments.

Over the coming weeks, officers witnessed Defendant's car parked in front of the apartment complex on multiple occasions, and on one occasion, they believed they saw Defendant and his girlfriend carrying a baby's car seat outside the complex. On the day of the search in question, after being arrested for absconding, Defendant gave his probation officer the key code to Unit 2A; the searching officers found that all large furniture had been removed from that apartment, and it became clear that Defendant had moved out. Understanding that Defendant's family was in control of other units in the building and had

3                                                                                          25-3159

consistently attempted to mislead the officers in the past as to Defendant's whereabouts, the officers broadened their search to other apartments in the building. The officers' search of Unit 1A showed that the unit was being used by Defendant for storage and contained a key to Unit 3A, in the window of which the officers could see the distinct-looking cat that had previously been present in Unit 2A, where Defendant had previously resided with his girlfriend. Considering the totality of the circumstances, at that point, the officers had probable cause to believe that Defendant was residing in Unit 3A, and it was therefore lawful for them to search the unit. *See United States v. Barry*, 140 F.4th 1105, 1109 (9th Cir. 2025).

Second, Defendant argues that the search of the 27th Avenue apartment complex violated the Fourth Amendment because it was directed by law enforcement officers investigating a burglary and not by probation officers. But "[a] parole officer is not considered a 'stalking horse' if he initiates a search in the performance of his duties as a parole officer," and it is not uncommon for parole officers to request police assistance in order for those police officers to "provid[e] protection and . . . aid[] in the apprehension and investigation of a parole violator." *United States v. Butcher*, 926 F.2d 811, 815 (9th Cir. 1991) (internal citation and

quotation marks omitted).[2]  Defendant points to no evidence that law enforcement as opposed to probation directed the search.  Indeed, all officer testimony at the evidentiary hearing clearly demonstrates the opposite.  Therefore, the parole officer was not serving as a "stalking horse" in violation of the Fourth Amendment.  *Id.*

**AFFIRMED.**

---

[2] Note that while *Butcher* regards a parolee as opposed to a probationer, that distinction is also irrelevant in this context.  *See United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265–66 (9th Cir. 1975) (holding that the Ninth Circuit's recognition of the "stalking horse" concern in the case of a parolee in *Latta v. Fitzharris*, 521 F.2d 246, 247 (9th Cir. 1975), was "equally applicable to the situation" of a probationer).

25-3159